SUMMARY ORDER

Petitioner The Lorge School (“Lorge”) petitions for review of a decision of the National Labor Relations Board (“NLRB”) affirming a decision of an administrative law judge (“ALJ”) finding that Lorge had engaged in an “unfair labor practice” within the meaning of 29 U.S.C. § 158(a) by terminating Linda Cooperman. The NLRB cross-applies for enforcement of its order of February 19, 2008 in this matter. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues on appeal.
The ALJ’s conclusion that he had erroneously allowed into evidence recordings surreptitiously made by two union officials does not undermine the ALJ’s credibility determinations, which he explicitly based upon his observations of the witnesses’ demeanor and corroboration with other testimony. See N.L.R.B. v. Dinion Coil Co., 201 F.2d 484, 487 (2d Cir.1952) (“[Sjince observation of [demean- or] is open to a trier of the facts when witnesses testify orally in his presence, and since such observation is not open to a reviewing tribunal, that fact-trier’s findings, to the extent that they comprise direct or ‘testimonial’ inferences, are ordinarily unreviewable.” (citation omitted)). Nowhere in his decision does the ALJ rely on corroboration by the recordings, which were made after Cooperman was terminated. Moreover, we cannot say that Cooper-man’s testimony was “hopelessly incredible or flatly contradicts either a so-called ‘law of nature’ or undisputed documentary testimony.” N.L.R.B. v. Columbia Univ., 541 F.2d 922, 928 (2d Cir.1976) (quoting Dinion Coil Co., 201 F.2d at 490).
Accepting Cooperman’s testimony as credible, we conclude that substantial evi *813 dence supports the NLRB’s determination that Lorge discharged Cooperman because she refused to help cause the resignations or constructive discharges of Piceigallo and Rouse, and thereby violated section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1). See 29 U.S.C. § 160(e). Although Lorge has identified evidence suggesting that other factors played a role in Cooperman’s dismissal, there is substantial evidence supporting the NLRB’s conclusion that Lorge did not carry its burden of establishing an affirmative defense that Cooperman would have been terminated in any event because of those other factors. See N.L.R.B. v. Transp. Mgmt. Corp., 462 U.S. 393, 397, 402-03, 103 S.Ct. 2469, 76 L.Ed.2d 667 (1983) (citing Wright Line, 251 N.L.R.B. 1083 (1980)), overruled in part on other grounds by Dir., Office of Workers’ Comp. Programs, Dep’t of Labor v. Greenwich Collieries, 512 U.S. 267, 276-78, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994).
For the reasons stated above, the petition for review is DENIED and the application for enforcement of the February 19, 2008 order of the NLRB is GRANTED.